UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| CHIQUITA FRESH, N.A. a/k/a | ) | | |
| CHIQUITA FRUPAC, | ) | | |
| BAMA TOMATO CO., INC., | ) | | |
| SANZONE BROKERAGE, INC., | ) | | |
| | ) | | |
| *Plaintiffs*, | ) | ***Consolidated*** | |
| | ) | | |
| ALSUMPRODUCE, INC.; HOLLAR AND | ) | Nos. | 1:02-cv-269 *(Lead Case)* |
| GREENE PRODUCE COMPANY, INC.; | ) | | |
| REGIONAL SOURCE PRODUCE, INC.; | ) | | 1:02-cv-272 |
| DOVEX MARKETING CO., LLC; | ) | | |
| MONTEREY MUSHROOMS, INC.; | ) | | 1:02-cv-276 |
| SUE EVERETT d/b/a EVERETT FARM; | ) | | |
| NATURE QUALITY VINE RIPE TOMATOES, | ) | | |
| HENRY HALL and JAMES L. SUTTLES, | ) | | *Judge Edgar* |
| Proprietors; OCEAN VALLEY FARMS, Kevin | ) | | *Magistrate Judge Lee* |
| Hubbard, Proprietor; HINTON FARMS PRODUCE, | ) | | |
| INC.; and BAMA TOMATO CO., INC., | ) | | |
| | ) | | |
| *Intervenor Plaintiffs*, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| SPECIALTY PRODUCE COMPANY, INC. | ) | | |
| and ROGER D. DOTSON, | ) | | |
| | ) | | |
| *Defendants* | ) | | |
| | ) | | |
| SPECIALTY PRODUCE COMPANY, INC.; | ) | | |
| ROGER D. DOTSON; ROGER DOTSON, SR.; | ) | | |
| ROGER D. DOTSON, JR.; PAUL THORNTON, | ) | | |
| | ) | | |
| *Intervenor Defendants*, | ) | | |
| | ) | | |
| SANZONE BROKERAGE, INC., | ) | | |
| | ) | | |
| *Claimant*. | ) | | |

## REPORT AND RECOMMENDATION

Before the Court is a motion for attorney's fees and expenses filed by Plaintiff Bama Tomato

Company, Inc. ("Bama Tomato") (Court File No. 90). The motion was referred for a report and

recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) (Court File No. 94). In preparing this R&R, the Court considered Bama Tomato's motion, memorandum, supporting affidavits, and reply (Court File Nos. 90, 91, 93) and the limited objection filed by Plaintiffs Nature Quality Vine Ripe Tomatoes ("Vine Ripe"), Henry Hall, and James L. Suttles in response to the motion (Court File No. 92). During a conference call between counsel for these parties and the Court on August 4, 2005, the parties stated through counsel they had no further submissions to make to the Court on the motion, that they did not want to submit further evidence or engage in an evidentiary hearing, and that they were content for the Court to issue its R&R on the basis of the current record and pleadings. Accordingly, the Court makes this report and recommendation.

## I.    Background

Bama Tomato and other plaintiffs filed actions in 2002 against Defendant Specialty Produce Company, Inc. under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499e(c). The actions were consolidated and the parties agreed to the entry of a Stipulated Order for Preliminary Injunction. Among other things, the stipulated order established a PACA Trust Account in the name of Bama Tomato's counsel for the deposit of proceeds from the statutory PACA trust over Defendant's assets, and it permitted Bama Tomato's counsel to collect Defendant's outstanding accounts receivable. Over time, Bama Tomato's counsel collected $80,612.16 from Defendant's debtors and for the benefit of allowed PACA creditors in this matter (Court File No. 90, part 3, Exh. B, Affidavit of Hoyt O. Samples ("Samples Aff.") ¶ 4). After the first interim distribution to creditors, the balance in the Specialty Produce PACA trust account was $36,198.14 (*id.*).

During the pendency of this matter, counsel billed Bama Tomato $17,822.00 in attorney's

2

fees and $1,403.30 for expenses (Samples Aff. ¶¶ ; Court File No. 90, part 2, Exh. A, Affidavit of

Joseph P. McCafferty ("McCafferty Aff.") ¶ 5).[1]  Counsel for Bama Tomato assert these fees and

expenses (i) were associated with establishing a common fund for the benefit of all PACA creditors,

(ii) related to sending notice to potential PACA creditors of Defendant, and (iii) were in connection

with efforts to collect Defendant's accounts receivable (Court File No. 90, part 1, ¶¶ 6-8).  In their

response, Vine Ripe, Hall, and Suttles agree counsel for Bama Tomato should be reimbursed from

the trust proceeds in the amounts of $10,662.00 for attorney's fees and $825.94 for expenses incurred

in the efforts to collect the Defendant's accounts receivable because this work was done for the

benefit of all the trust beneficiaries (Court File No. 92, at 2).  Vine Ripe, Hall, and Suttles object,

however, to the other amounts sought by Bama Tomato's counsel because it appears to them the fees

and expenses were for the sole benefit of Bama Tomato, were similar to fees and expenses incurred

by the other PACA creditors, and were not incurred for the benefit of all the PACA trust

beneficiaries (*id*. at 2).  In its reply brief, Bama Tomato explains the attorney's fees and expenses

it seeks to recover are limited to those that were necessary to create and preserve the common fund

for the benefit of all the PACA trust beneficiaries and that the efforts it relies upon in this motion

were unique and not shared by other beneficiaries:

> Plaintiff limited its request for fees and expenses to only those thing
> [sic] which were done to create a common fund for all of the PACA
> creditors.  This work included the filing of a Complaint and obtaining
> an ex parte Temporary Restraining Order to prevent the Defendants
> from further dissipating the assets of the statutory trust.  Next,
> Plaintiff Bama's counsel secured, through negotiation, a Stipulated
> Order for Preliminary Injunction which preserved the trust assets for
> all of the PACA creditors until further order of the Court.  Finally,

---

[1]  Bama Tomato's motion seeks reimbursement for $18,949.70 in attorney's fees, but the figures Bama Tomato has presented ($1,980.00; $5,180.00; and $10,662.00) equal only $17,822.00.

3

pursuant to the Stipulated Order, Plaintiff Bama's counsel notified all potential trust beneficiaries of the need to intervene in the litigation and prove their PACA claim. Plaintiff Bama asserts that its efforts in this regard were unique and not shared by the other trust beneficiaries as Respondents assert. Unlike each of the other beneficiaries, Bama took steps to create and preserve the common fund for all of the PACA creditors of Specialty Produce.

(Court File No. 93, at 2).

## II.    Discussion

In *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975), the United States Supreme Court recognized the general, "American", rule that attorney's fees are granted to a party only in circumstances specified by statute. The Court in *Aleyska Pipeline* also noted, however, several exceptions that allow the award of attorney's fees where (1) there was a willful violation of a court order; (2) a losing party acted in bad faith; or (3) a litigant created a common fund for the benefit of others. *Id.* at 257-60. Relevant to this motion, the "common fund" exception "is employed where a lawyer recovers a common fund for the benefit of persons in addition to those he formally represents." *Geier v. Sundquist*, 372 F.3d 784, 790 (6th Cir. 2004). This exception assesses attorney's fees across an entire fund to prevent the unjust enrichment of persons who benefit from the effort and expense undertaken by one litigant and its counsel. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The Sixth Circuit has recognized the following criteria for awarding attorney's fees under the common fund exception: "(1) the class of people benefitted by the lawsuit must be small in number and easily identifiable; (2) the benefits must be traceable with some accuracy; and (3) there must be reason for confidence that the costs can in fact be shifted with some exactitude to those benefitting." *Geier*, 372 F.3d at 790 (citing *Aleyska Pipeline*, 421 U.S. at 247). In common fund cases, the Court is to exercise its discretion to make an attorney's fee award that

4

is reasonable under the circumstances.  *In re Sulzer Orthopedics, Inc.*, 398 F.3d 778, 780 (6th Cir. 2005).

Bama Tomato urges the Court to apply the common fund exception and to award attorney's fees from the PACA trust fund for its counsels' services that led to the creation and preservation of a common fund that benefitted all the allowed PACA creditors of Defendant.  Bama Tomato relies on *In re Milton Poulos, Inc.*, 947 F.2d 1351 (9th Cir. 1991), where the United States Court of Appeals for the Ninth Circuit held attorneys whose efforts resulted in a common fund for a group of PACA claimants were entitled to recover their attorney's fees out of that fund.  *Id.* at 1353.  Bama Tomato relies on the *Milton Poulos* decision and the common fund exception because PACA does not itself provide for attorney's fees by statute.  *See* 7 U.S.C. §§ 499a-499s; *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 352 (5th Cir. 2000) (reserving its opinion on whether the common fund exception permits recovery of attorney's fees under PACA because attorney's efforts did not establish a common fund).  Like *Milton Poulos*, other courts have applied the common fund exception to PACA cases where attorney's fees are sought, often citing the equitable concern for reimbursing attorneys who created a common fund that benefits persons in addition to their clients.  *See, e.g., Fresh Kist Produce, L.L.C. v. Choi Corp., Inc.*, 362 F. Supp. 2d 118, 126-27 (D.D.C. 2005) ("In both class actions and PACA trust fund litigation, when the attorneys have created a common fund, they should be reimbursed from it."); *Fishgold v. OnBank & Trust Co.*, 43 F. Supp. 2d 346, 352 (W.D.N.Y. 1999).  *Cf. Overton Distribs., Inc. v. Heritage Bank*, 179 F. Supp. 2d 818, 835 (M.D. Tenn. 2002) (declining to award attorney's fees in PACA case pursuant to common fund exception and holding payment of fees from PACA common fund would violate purpose of statute).

5

In this case, no party has argued that the common fund exception does not or should not apply to a request for attorney's fees to be paid from a common fund in a PACA case. The parties contesting this motion both agree counsel for Bama Tomato should be reimbursed from moneys in the PACA trust fund for their services and expenses that benefitted the PACA creditors as a whole. Furthermore, the district court directed counsel for Bama Tomato to perform certain services for the creation of the PACA trust account and eventually set a deadline for any motions for attorney's fees under PACA to be filed in this case. Accordingly, I recommend the Court make an award of attorney's fees and expenses to Bama Tomato's counsel under the common fund exception. *See Fresh Kist Produce*, 362 F. Supp. 2d at 126-27 (awarding attorney's fees on a common fund basis in PACA case where district court indicated parties could apply for such fees and where parties agreed attorney's fees should be paid and disagreed only over how much and who should pay).

The only issue remaining is the amount of attorney's fees and expenses the Court should award to counsel for Bama Tomato. Plaintiffs Vine Ripe, Hall, and Suttles questioned in their response whether the request erroneously included reimbursement for services that did not benefit the PACA creditors as a whole, but submitted no evidence disputing the amounts claimed. In reply, Bama Tomato explained the fees and expenses included in its request were indeed limited to the work necessary to create and preserve the common fund, services that were unique and not shared by other trust beneficiaries. Based upon the affidavits submitted by Bama Tomato and the parties' pleadings, I recommend the Court grant Bama Tomato's motion (Court File No. 90) and award $17,822.00 in attorney's fees[2] and $825.94 in expenses[3], for a total award of $18,647.94 from the

---

[2] The attorney's fees supported in the affidavits submitted by Bama Tomato were $1,980.00, $5,180.00, and $10,662.00, which total $17,822.00 in attorney's fees. The record does not support or explain why Bama Tomato's motion requests $18,949.70 in attorney's fees (*See* Court File

PACA Trust Account.

### III.  **Conclusion**

For the reasons stated above, I **RECOMMEND**[4] the Court **GRANT** Bama Tomato's Motion

for Award of Fees and Expenses (Court File No. 90) and award $17,822.00 in attorney's fees and

$825.94 in expenses, for a total award of $18,647.94 from the PACA Trust Account.



s/*Susan K. Lee*

SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

No. 90, part 1, ¶ 9).

[3] Bama Tomato originally requested $1,403.30 for expenses in its motion (*See* Court File
No. 90, part 1, ¶ 9), but it appears to have reduced its request to $825.94 for expenses in its reply
brief (*See* Court File No. 93, at 3), which is the amount that Vine Ripe, Hall, and Suttles agreed was
appropriate (Court File No. 92, at 2).

[4] Any objections to this Report and Recommendation must be served and filed within ten
(10) days after service of a copy of this recommended disposition on the objecting party.  Such
objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.
Failure to file objections within the time specified waives the right to appeal the District Court's
order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7, 106 S. Ct. 466, 472 n.7, 88 L. Ed. 2d 435 (1985).  The
district court need not provide *de novo* review where objections to this report and recommendation
are frivolous, conclusive, and general.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Only
specific objections are reserved for appellate review.  *Smith v. Detroit Fed'n of Teachers*, 829 F.2d
1370, 1373 (6th Cir. 1987).